09-1199-cv
Bahrami v. Ketabchi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of , February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> DENNY CHIN,[*]
> > *District Judge*.

_____

Irandokht Bahrami,

> *Plaintiff-Counter-Defendant-*
> *Cross-Defendant-Counter-Claimant-*
> *Appellant*,

v.                                                                No. 09-1199-cv

Mohammad Ali Saadat Ketabchi, also known as Mohammad Saadat Ketabchi, also known as Mohammad Ketabchi, also known as Homayoun Saadat Ketabchi, also known as Homayoun Ketabchi,

> *Defendant-Counter-Claimant-*
> *Counter-Defendant-Appellee.*

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                                    IRANDOKHT BAHRAMI, *pro se*,
                                                   New York, N.Y.


For Appellee:                                      JACK S. DWECK, The Dweck Law
                                                   Firm LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Irandokht Bahrami, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Berman, *J.*), dismissing her state law sexual assault and rape claim.  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

In reviewing the district court's decision in a bench trial, we review the district court's conclusions of law *de novo* and its findings of fact for clear error.  *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996).  Under the clearly erroneous standard, "'[t]here is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence,'" and the Court "will not upset a factual finding unless [it is] 'left with the definite and firm conviction that a mistake has been committed.'" *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) (citations omitted).  Moreover, this Court must "give considerable deference to the district court's credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record." *Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir. 1991).

Here, the burden was on Appellant to prove by a preponderance of the evidence that the alleged rape occurred. *See Dean v. Raplee*, 39 N.E. 952, 954 (N.Y. 1895). Because the district court's findings are supported by substantial evidence, Appellant has not satisfied the high burden of showing that the court's findings were "clearly erroneous." *See Travellers Int'l, A.G.*, 41 F.3d at 1574.

Appellee has moved to strike certain portions of Appellant's appendix on appeal, contending that the documents were not admitted into evidence or considered by the district court. We DENY the motion with regard to the September 2005 letter submitted by Appellant's former attorney to Magistrate Judge Kevin Fox, as that letter was docketed on the district court's docket sheet and was part of the record on appeal. We GRANT the remaining portions of Appellee's motion.

To the extent that Appellant argues that the judgment below depended on fraud in the form of fabricated telephone records, such relief should be sought in a motion in the distirct court under Fed. R. Civ. P. 60(b)(3), rather than as part of this appeal. Rule 60(b)(3) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Any such motion must be filed "no more than a year after the entry of the judgment," Fed. R. Civ. P. 60(c)(1); accordingly, in this case, a motion would need to be filed no later than March 4, 2010. Of course, we express no opinion on the merits of this issue.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3